IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN KUHNS, ET AL., | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION NO. 08-02606 |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, ET AL., | : | COMPLAINT FILED: 6/4/08 |
| Defendants | : | |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
CITY OF ALLENTOWN AND CHIEF OF POLICE ROGER MACLEAN**

AND NOW, come Defendants, City of Allentown and Chief of Police, Roger MacLean (hereinafter "Moving Defendants"), by and through their attorneys, Lavery, Faherty, Young & Patterson, P.C., file this Motion for Summary Judgment, and in support thereof aver as follows:

1.  Plaintiffs, Kathleen Kuhns, Joyce Mazalewski, and Kathleen Teay, initiated this action with the filing of a civil Complaint on June 4, 2008. (Doc. 1)

2.  In addition to Moving Defendants, Plaintiffs named the Allentown Women's Center and Jennifer Boulanger (hereinafter "AWC Defendants") as Defendants in their Complaint.

3.  Plaintiffs' Complaint sets forth four (4) causes of action against all Defendants seeking injunctive relief and damages: (1) violation of First and Fourteenth Amendment rights through Section 1983; (2) violation of rights under Pennsylvania Constitution through Section 1983; (3) violation of the Equal Protection Clause through Section 1983; and (4) public nuisance.

4. Plaintiffs are three anit-abortion protesters and they claim that the AWC Defendants violate(d) their First Amendment rights when the Center and/or its employees and/or volunteers: (1) hold two six-foot by fifteen-foot opaque plastic tarps seven feet apart within a crosswalk used at AWC, which separates patients from protesters and blocks the street; (2) form a "human shield" around patients to prevent them from having access to them in a public place; and (3) shout to create "vocal noise" for the purpose of drowning out the protesters' message. (Doc. 1, ¶ 24)

5. Plaintiffs allege that Moving Defendants acted jointly with the AWC Defendants to deprive Plaintiffs of their constitutional rights specified above and created a public nuisance.

6. On July 23, 2008, Moving Defendants filed their Answer with Affirmative Defenses to Plaintiffs' Complaint. (Doc. 23)

7. On July 24, 2008, AWC Defendants filed a Motion to Dismiss Plaintiffs' Complaint and their Brief in Support of the Motion. (Docs. 24, 25)

8. On March 31, 2009, the Court granted in part AWC Defendants' Motion to Dismiss and dismissed Counts II and III of Plaintiffs' Complaint as to all Defendants. (Doc. 47)

9. On August 24, 2009, AWC Defendants filed their Answer to the Complaint. (Doc. 48)

10. By Order dated August 13, 2009 (entered on August 21, 2009) (Doc. 53), the Court established a dispositive motions' deadline of March 1, 2010.

11. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

12. To properly state a claim under § 1983, a plaintiff "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

13. Additionally, a plaintiff must show the personal involvement of each defendant in any claimed violation of plaintiff's constitutional rights. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).

14. A Section 1983 claim can only be brought against a municipality if the plaintiff establishes a violation of rights caused by either a policy or custom of the municipality. Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000)

15. A policy is made "when a 'decisionmaker possessing final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Id. (alteration in original) (citations omitted)

16. A custom consists of "practices of state officials . . . so permanent and well settled as to virtually constitute law." Id. (citations omitted)

17. Upon identifying a policy or custom, liability can be found by establishing that the policy or custom either facially violates a federal law or the municipality acted with "deliberate indifference as to its known or obvious consequences;" a showing of negligence is insufficient. Berg, 219 F.3d at 276 (citations omitted)

18. A plaintiff must also demonstrate that the policy or custom was the proximate cause of the injuries sustained; accordingly, a plaintiff must show a "plausible nexus" or an "affirmative link" between the policy or custom and the deprivation of rights. Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996)

19. There is no genuine issue of material fact and there is no custom, policy or practice of Moving Defendant City of Allentown that violates Plaintiffs' First and/or Fourteenth Amendment rights.

20. In fact, if any policy or practice does exist, it is that the City of Allentown is/was neither an advocate for the protestors or for Defendant AWC as evidenced by the May 16, 2008 letter from the City Solicitor to Assistant Chief of Police Joseph Hanna. See, Moving Defendants' Appendix of Exhibits, Exhibit "A", May 16, 2008 letter.

21. This practice of taking a neutral stance is further evidenced by Police Department command meeting minutes of April 18, 2007 and June 25, 2008, which respectively read that the Department would treat "the Women's Center with a hands-off approach" and "we need to remain neutral." See, Moving Defendants' Appendix of Exhibits, Exhibits "B" and "C", April 18, 2007 command meeting minutes and June 25, 2008 meeting minutes.

22. Moving Defendant City of Allentown continued its neutral position as reflected in Hanna's correspondence of June 25, 2009 to Plaintiff Kuhns that the police department maintains a neutral position. See, Moving Defendants' Appendix of Exhibits, Exhibit "D", June 25, 2009 correspondence from Hanna to Kuhns.

23. Additionally, the Police Department responded to a complaint that Plaintiff Kuhns violated the Consent Judgment by stepping into the crosswalk, but Kuhns was not charged with any offense. See, Moving Defendants' Appendix of Exhibits, Exhibit "E", Kuhns incident report.

24. Moreover, the Police Department responded to several complaints since the Consent Judgment was entered, but it has not issued any citations against either the Plaintiffs or the AWC Defendants.

25. There is no genuine issue of material fact and Plaintiffs' First and/or Fourteenth Amendment rights were not violated by Answering Defendant City of Bethlehem which is/was contrary to its position of neutrality.

26. There was no regulation by Answering Defendants of Plaintiffs' speech in any public forum.

27. Plaintiffs' Section 1983 claim against Answering Defendant MacLean in his official capacity merges with the claim against Answering Defendant City of Allentown as a matter of law.

28. There is no evidence of record that Answering Defendant MacLean had any personal involvement in the violation of Plaintiffs' First and/or Fourteenth Amendment rights.

29. This Court held that Pennsylvania recognizes a private cause of action sounding in tort for public nuisance in its March 31, 2009 Memorandum Opinion and Order (Doc. 47) and it is therefore the controlling law of the case.

30. Moving Defendants are immune from liability from Plaintiffs' claims for public nuisance pursuant to the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541, et. seq.

31. "A public nuisance is an unreasonable interference with a right common to the general public." Machipongo Land and Coal Company, Inc. v. Commonwealth of Pennsylvania, Department of Environmental Protection, 799 A.2d 751, 773 (Pa. 2002) (internal quotation omitted)

32. "The rule unquestionably is that a private action for a public nuisance can be maintained only by one suffering a particular loss or damage beyond that suffered by all others affected by the nuisance…" Edmunds v. Duff, 124 A. 489, 492 (Pa. 1924)

33. There is no genuine issue of material fact and there is no evidence of record that Moving Defendants unreasonably interfered with a right of Plaintiffs common to the public.

34. Moreover, Plaintiffs did not suffer a particular loss or damage because their First Amendment rights were not violated by Answering Defendants and, if anything, they suffered the same loss or damage by all others affected by the nuisance.

WHEREFORE, for the reasons set forth herein and in their Brief in Support, Moving Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment and enter judgment in their favor as to Counts I and IV of Plaintiffs' Complaint.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

By: /s/ **Robert G. Hanna, Jr.**

Robert G. Hanna, Jr., Esquire
Atty No. PA17890
Email: rhanna@laverylaw.com
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Attorney for Defendants, City of Allentown and Chief of Police Roger MacLean

DATE: March 1, 2010

**CERTIFICATE OF SERVICE**

I, Blanche A. Morrison, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 1st day of March, 2010, I served a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, CITY OF ALLENTOWN AND CHIEF OF POLICE ROGER MACLEAN,** via ECF electronic service, addressed to the following:

> Denis Brenan, Esquire
> Email: denis196@comcast.net
> *Attorney for Plaintiffs*
>
> Susan Frietsche, Esquire
> Email: sfrietsche@womenslawproject.org
>
> David Samuel Cohen, Esquire
> Email: dsc39@drexel.edu
>
> Elizabeth S. Campbell, Esquire
> Email: campbele@pepperlaw.com
>
> Thomas E. Zemaitis, Esquire
> Email: zemaitist@pepperlaw.com
>
> *Attorney for Defendants, Allentown Women's Center, Inc. and Jennifer Boulanger*

>> */s/ Blanche A. Morrison*
>> Blanche A. Morrison, Legal Assistant
>> to Robert G. Hanna, Jr., Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.