Denis V. Brenan
P.O. Box 465
Newtown Square PA 19073
(610) 359-0893

Christopher A. Ferrara
(Admitted *pro hac vice*)
American Catholic Lawyers Association, Inc.
420 Route 46 East, Suite 7
P.O. Box 10092
Fairfield NJ 07004-6092
(973) 244-9895
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**
_____

KATHLEEN KUHNS, JOYCE MAZALEWSKI,
and KATHLEEN TEAY,

|  |  |
|---|---|
| *Plaintiffs*, | Civil Action No.: 5:08-cv-02606 (JKG) |
| -v.- |  |
| CITY OF ALLENTOWN, CHIEF OF POLICE ROGER MacLEAN, both individually and in his official capacity, ALLENTOWN WOMEN'S CENTER, and JENNIFER BOULANGER, | DOCUMENT FILED ELECTRONICALLY |
| *Defendants.* |  |

_____
                                                          :

---

**RESPONSE OF THE PLAINTIFFS TO DEFENDANTS CITY OF ALLENTOWN'S AND
ROGER MacLEAN'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF
DOCUMENT 90)**

---

     **1.**    **Plaintiffs, Kathleen Kuhns, Joyce Mazalewski, and Kathleen Teay, initiated**

**this action with the filing of a civil Complaint on June 4, 2008. (Doc. 1)**

     The allegation in Paragraph #1 is admitted.

2.      In addition to Moving Defendants, Plaintiffs named the Allentown Women's Center and Jennifer Boulanger (hereinafter "AWC Defendants") as Defendants in their Complaint.

The allegation in Paragraph #2 is admitted.

3.      Plaintiffs' Complaint sets forth four (4) causes of action against all Defendants seeking injunctive relief and damages: (1) violation of First and Fourteenth Amendment rights through Section 1983; (2) violation of rights under [sic] Pennsylvania Constitution through Section 1983; (3) violation of the Equal Protection Clause through Section 1983; and (4) public nuisance.

The allegation in Paragraph #3 is admitted.

4.      Plaintiffs are three anti-abortion protesters and they claim that the AWC Defendants violate(d) their First Amendment rights when the Center and/or its employees and/or volunteers: (1) hold two six-foot by fifteen-foot opaque plastic tarps seven feet apart within a crosswalk used at AWC, which separates patients from protesters and blocks the street; (2) form a "human shield" around patients to prevent them from having access to them in a public place; and (3) shout to create "vocal noise" for the purpose of drowning out the protesters' message. (Doc. 1, Paragraph 24)

The allegation in Paragraph #4 is admitted.

5.      Plaintiffs allege that Moving Defendants acted jointly with the AWC Defendants to deprive Plaintiffs of their constitutional rights specified above and created a public nuisance.

The allegation in Paragraph #5 is admitted.

6.      On July 23, 2008, Moving Defendants filed their Answer with Affirmative

Defenses to Plaintiffs' Complaint. (Doc. 23)

The allegation in Paragraph #6 is admitted.

7.     **On July 24, 2008, AWC Defendants filed a Motion to Dismiss Plaintiffs' Complaint and their Brief in Support of the Motion. (Docs. 24, 25)**

The allegation in Paragraph #7 is admitted.

8.     **On March 31, 2009, the Court granted in part AWC Defendants' Motion to Dismiss and dismissed Counts II and III of Plaintiffs' Complaint as to all Defendants. (Doc. 47)**

The allegation in Paragraph #8 is admitted.

9.     **On August 24, 2009, AWC Defendants filed their Answer to the Complaint. (Doc. 48)**

The allegation in Paragraph #9 is admitted.

10.    **By Order dated August 13, 2009 (entered on August 21, 2009) 9Doc. 53), the Court established a dispositive motions' deadline of March 1, 2010.**

The allegation in Paragraph #10 is admitted.

11.    **On March 1, 2010, Moving Defendants filed a timely Motion for Summary Judgment.**

The allegation in Paragraph #11 is admitted.

12.    **By Order dated March 22, 2010 (Doc. 86), the dispositive motion deadline was moved to June 30, 2010.**

The allegation in Paragraph #12 is admitted.

13.    **Subsequent to the original deadline, deposition transcripts and other documents became available.**

The allegation in Paragraph #13 is admitted.

**14.     Moving Defendants therefore are filing this Amended Motion for Summary Judgment.**

The allegation in Paragraph #14 is admitted.

**15.     Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).**

The allegation in Paragraph #15 is admitted.

**16.     To properly state a claim under Sect. 1983, a plaintiff "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).**

The allegation in Paragraph #16 is admitted.

**17.     Additionally, a plaintiff must show the personal involvement of each defendant in any claimed violation of plaintiff's constitutional rights. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976).**

The allegation in Paragraph #17 is denied as stated; see Plaintiffs' Brief.

**18.     A Section 1983 claim can only be brought against a municipality if the plaintiff establishes a violation of rights caused by either a policy or custom of the municipality. Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000)**

The allegation in Paragraph #18 is denied as stated; see Plaintiffs' Brief.

**19.     A policy is made "when a 'decision maker possessing final authority to**

establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." **Id.** (alteration in original) (citations omitted)

The allegation in Paragraph #19 is denied as stated; see Plaintiffs' Brief.

**20.     A custom consists of "practices of state officials…so permanent and well settled as to virtually constitute law." Id. (citations omitted)**

The allegation in Paragraph #20 is denied as stated; see Plaintiffs' Brief.

**21.     Upon identifying a policy or custom, liability can be found by establishing that the policy or custom either facially violates a federal law or the municipality acted with "deliberate indifference as to its known or obvious consequences"; a showing of negligence is insufficient. Berg, 219 F.3d at 276 (citations omitted)**

The allegation in Paragraph #21 is admitted; see Plaintiffs' Brief.

22.     **A plaintiff must also demonstrate that the policy or custom was the proximate cause of the injuries sustained; accordingly, a plaintiff must show a "plausible nexus" or an "affirmative link" between the policy or custom and the deprivation of rights. Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996)**

The allegation in Paragraph #22 is admitted; see Plaintiffs' Brief.

**23.     There is no genuine issue of material fact and there is no custom, policy or practice of Moving Defendant City of Allentown that violates Plaintiffs' First and/or Fourteenth Amendment rights.**

The allegation in Paragraph #23 is denied.

24.     **Defendant Boulanger did not advise the City of Allentown or any of its representatives that AWC intended on using the tarps. (See, Moving Defendants' Appendix of Exhibits; Exhibit "F", 102:1-4).**

The allegation in Paragraph #24 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**25.     The City of Allentown has not authorized the AWC to use the tarps. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "F", 107:9-15).**

The allegation in Paragraph #25 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**26.     Boulanger has never discussed the use of tarps with Chief MacLean, the Mayor of the City of Allentown, or with the City Solicitor. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "F", 107-108:24-5).**

The allegation in Paragraph #26 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**27. If any policy or practice does exist, it is that the City of Allentown is/was neither an advocate for the protestors or for Defendant AWC as evidenced by the May 16, 2008 letter from the City Solicitor to Assistant Chief of Police Joseph Hanna. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "A").**

The allegation in Paragraph #27 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**28. This practice of taking a neutral stance is further evidenced by Police Department command meeting minutes of April 18, 2007 and June 25, 2008, which**

respectively read that the Department would treat "the Women's Center with a hands-off approach" and "we need to remain neutral." (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibits "B" and "C").

The allegation in Paragraph #28 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

29.     **Moving Defendant City of Allentown continued its neutral position as reflected in Hanna's correspondence of June 25, 2009 to Plaintiff Kuhns that the police department maintains a neutral position. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "D").**

The allegation in Paragraph #29 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

30.     **Additionally, the Police Department responded to a complaint that Plaintiff Kuhns violated the Consent Judgment by stepping into the crosswalk, but Kuhns was not charged with any offense. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "E").**

The allegation in Paragraph #30 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

31.     **Moreover, it is undisputed that the Police Department responded to several complaints since the Consent Judgment was entered into, but it has not issued any citations against either the Plaintiffs or the AWC Defendants. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "J", 47:20-23).**

The allegation in Paragraph #31 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**32.    There is no genuine issue of material fact and Plaintiffs' First and/or Fourteenth Amendment rights were not violated by Answering Defendant City of Bethlehem [sic] which is/was contrary to its position of neutrality.**

The allegation in Paragraph #32 is denied; <u>see</u> Plaintiffs' Brief.

**33. There was no regulation by Answering Defendants of Plaintiffs' speech in any public forum.**

The allegation in Paragraph #33 is denied; <u>see</u> Plaintiffs' Brief.

**34. Plaintiffs' Section 1983 claim against Answering Defendant MacLean in his official capacity merges with the claim against Answering Defendant City of Allentown as a matter of law.**

The allegation in Paragraph #34 is admitted; <u>see</u> Plaintiffs' Brief.

**35. There is no evidence of record that Answering Defendant MacLean had any personal involvement in the violation of Plaintiffs' First and/or Fourteenth Amendment rights.**

The allegation in Paragraph #35 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**36. Chief MacLean has not even spoken to Boulanger since the settlement of <u>Arietta II</u>. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "H", 58:15-18).**

The allegation in Paragraph #36 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**37. This Court held that Pennsylvania recognizes a private cause of action sounding in tort for public nuisance in its March 31, 2009 Memorandum Opinion and Order (Doc. 47) and it is therefore the controlling law of the case.**

The Court's March 31, 2009 Memorandum Opinion and Order speak for themselves.

**38. Moving Defendants are immune from liability from Plaintiffs' claims for public nuisance pursuant to the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. Sect. 8541, et seq.**

The allegation in Paragraph #38 is denied; <u>see</u> Plaintiffs' Brief.

**39. "A public nuisance is an unreasonable interference with a right common to the general public." <u>Machipongo Land and Coal Company, Inc. v. Commonwealth of Pennsylvania, Department of Environmental Protection</u>, 799 A.2d 751, 773 (Pa. 2002) (internal quotation omitted)**

The allegation in Paragraph #39 is admitted; <u>see</u> Plaintiffs' Brief.

**40. "The rule unquestionably is that a private action for a public nuisance can be maintained only by one suffering a particular loss or damage beyond that suffered by all others affected by the nuisance…" <u>Edmunds v. Duff</u>, 124 A. 489, 492 (Pa. 1924)**

The allegation in Paragraph #40 is admitted; <u>see</u> Plaintiffs' Brief.

**41. There is no genuine issue of material fact and there is no evidence of record that Moving Defendants unreasonable [sic] interfered with a right of Plaintiffs common to the public.**

The allegation in Paragraph #41 is denied; <u>see</u> Plaintiffs' Brief.

**42. Plaintiff Mazalewski admitted that the tarps do not block Keats Street. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "K", 29:7-13).**

The allegation in Paragraph #42 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**43. There are times when the protesters are in the street when a car turns onto Keats Street. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "K", 132:6-9).**

The allegation in Paragraph #43 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**44. When tarps are not being used, the protesters remain in the street. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "I", 42:10-15).**

The allegation in Paragraph #44 is denied as stated; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**45. Plaintiff Kuhns acknowledged that there is the same safety concern created by the use of tarps as the presence of people (including the protesters) along side the crosswalk. (<u>See</u>, Moving Defendants' Appendix of Exhibits; Exhibit "J", 51:13-17).**

The allegation in Paragraph #45 is denied; <u>see</u> Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**46. It would also be legal for the protesters to use tarps on both sides of the crosswalk while pedestrians are in the crosswalk. (See, Moving Defendants' Appendix of Exhibits; Exhibit "H", 47-48:25-18).**

The allegation in Paragraph #46 is denied; see Plaintiffs' Brief and Plaintiffs' Response to Defendants City of Allentown's and Roger MacLean's Statement of (Alleged) Uncontested Facts contained in said Defendants' supporting Brief.

**47. Plaintiffs did not suffer a particular loss or damage because their First Amendment rights were not violated by Answering Defendants and, if anything, they suffered the same loss or damage by all others affected by the nuisance.**

The allegation in Paragraph #47 is denied; see Plaintiffs' Brief.

Dated: August 2, 2010

Respectfully submitted,

s/ Denis V. Brenan (DVB4549)
DENIS V. BRENAN, ESQ.
Pennsylvania Litigation Counsel
for AMERICAN CATHOLIC LAWYERS
  ASSOCIATION, INC.
P.O. Box 465
Newtown Square, PA 19073
Phone: (610) 359-0893
*Counsel for Plaintiffs*

s/ Christopher A. Ferrara (CAF2422)
CHRISTOPHER A. FERRARA, ESQ.
(Admitted *pro hac vice*)
AMERICAN CATHOLIC LAWYERS
  ASSOCIATION, INC.
420 Route 46 East, Suite 7
P.O. Box 10092
Fairfield, NJ 07004-6092
Phone: (973) 244-9895
*Co-counsel for Plaintiffs*