IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN KUHNS, et al : 
: CIVIL ACTION
:
v. :
:
CITY OF ALLENTOWN, et al : NO. 08-2606

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

In this action, three anti-abortion protesters ("Plaintiffs") allege that Defendants Allentown Women's Center and its executive director, Jennifer Boulanger (collectively "AWC"), conspired with Defendants City of Allentown and Police Chief Roger MacLean (collectively "City Defendants") to violate Plaintiffs' constitutional and statutory rights to communicate religious and political anti-abortion messages to AWC patients.[1] Presently before the court is Plaintiffs' informal letter motion to compel supplemental discovery, Defendants' letter responses thereto, and Plaintiffs' and the City Defendants' supplemental letter responses submitted following a teleconference with me.[2] For the following reasons, I will deny the motion.

---

[1] The Honorable James Knoll Gardner has referred all discovery-related issues in this case to the undersigned.

[2] The City Defendants' original and supplemental letter responses were filed with the court. See Docs. 109, 115. The remaining letters will be filed together with this Memorandum and Order.

I.  **FACTS AND PROCEDURAL HISTORY**

The various parties in this case have a long adversarial history, which has been discussed in my prior Memoranda and Orders. Therefore, I will limit the facts to those which bear directly upon the present dispute.

By Order dated February 4, 2010, I extended the discovery deadline in this case to March 25, 2010. See Doc. 71. The parties continued to engage in discovery beyond the discovery deadline. For example, counsel for Plaintiffs sent letters to City Defendants' counsel requesting supplemental discovery (May 25 & May 26, 2010), noting alleged deficiencies in supplemental discovery received (June 16 & 22, 2010), and requesting additional supplemental discovery (July 16, 2010).[3]

During the summer of 2010, pursuant to the motions deadlines set by Judge Gardner, the parties filed various motions for summary judgment. Judge Gardner heard oral argument on the summary judgment motions on October 1, 2010, which was also the deadline for motions in limine. See Docs. 86, 107. On October 14, 2010, Judge Gardner further ordered that the parties' trial memoranda are due on October 28, 2010, and that trial shall commence on November 29, 2010. See Doc. 110.

Meanwhile, by letter sent to my chambers and dated October 13, 2010, Plaintiffs' counsel raised the present informal motion seeking a court order compelling the City

---

[3]Plaintiffs' counsel attached each of these letters to the present informal letter motion to compel supplemental discovery.

Defendants to provide additional supplemental discovery.[4]  After receipt of responsive letters from AWC and the City Defendants, I held a teleconference with counsel on October 18, 2010, at the conclusion of which I directed the parties to submit additional letters addressing the duty to supplement discovery set forth in Rule of Civil Procedure 26(e).  Additional letters were received from Plaintiffs and the City Defendants.

## II. DISCUSSION

### A. Applicable Law

It is axiomatic that a trial court has broad discretion to fashion discovery orders. See Florsheim Shoe Co., Div. of Interco, Inc. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court.").  In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery."  Pacitti v. Macy's, 193 F.3d 766, 777-78

---

[4]Although Plaintiffs' informal letter motion refers at the outset to "[t]he defendants," the remainder of the letter to the court, and each of the letters to counsel attached thereto, are directed to discovery sought and/or received from the City Defendants.  Therefore, I conclude that the present dispute is limited to the City Defendants.  However, to the extent Plaintiffs would seek supplemental discovery from AWC, I would deny the request for the same reasons articulated herein.

(3d Cir. 1999) (citations omitted). Supplemental discovery is governed by Rule 26(e), which provides:

> (1) In General. A party . . . who has responded to an interrogatory, request for production, or request for admission [] must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e). "The duty imposed by this rule requires a party to disclose newly discovered facts which render prior discovery responses either incorrect or incomplete." Havenfield Corp. v. H&R Block, Inc., 509 F.2d 1263 (8th Cir. 1975).

### B. Plaintiffs are Not Entitled to Additional Supplementary Discovery

Plaintiffs concede that the City Defendants have already supplemented their discovery beyond the March 25, 2010, discovery deadline, and that they have done so "several times" through late June 2010. See Pl.s' 10/20/10 letter at 2. However, Plaintiffs argue that the City Defendants are obligated to provide additional supplemental discovery because Plaintiffs allege ongoing misconduct, rather than a discrete past act. See id. at 1-2. For example, during the telephone conference Plaintiffs' counsel argued that his clients are entitled to continuing production of incident reports and meeting notes created well after the close of discovery. The City Defendants do not deny that Rule

4

26(e) sets forth a duty to supplement discovery, but argue that they are not required to do so now because their prior discovery responses are neither erroneous nor incomplete. See City Def.s' 10/20/10 letter at 1. The City Defendants also suggest that additional supplemental discovery would not be material to the claims asserted in the complaint. Id. at 2.

The main question presented here is whether a responding party's prior discovery is rendered erroneous and/or incomplete where the moving party alleges ongoing misconduct on the part of the responding party. Plaintiffs cite Corning, Inc. v. SRU Biosystems, LLC, 223 F.R.D. 191 (D. Del. 2004), for the proposition that Rule 26(e) establishes a continuing obligation to supplement all documents responsive to a given discovery request. See Pl.s' 10/20/10 letter at 1. However, Corning does not set forth such a broad duty to supplement discovery, but instead re-states the rule's requirement that a party is under an "ongoing obligation to supplement its discovery if such further production is necessary to complete or correct past productions." 223 F.R.D. at 194 n.3. Plaintiffs have not identified a single case where a court has required rolling, open-ended discovery simply because the moving party alleges ongoing misconduct. Indeed, notes accompanying the 1970 adoption of Rule 26(e) indicate that the sub-section "provides that a party is *not* under a continuing burden except as expressly provided" – that is,

5

except when a party learns that in some material respect its prior discovery is incomplete or incorrect. Fed. R. Civ. Proc. 26 (notes to 1970 amend.) (emphasis added).[5]

Courts most often consider Rule 26(e) in the context of whether a party may use previously undisclosed discovery at trial. See, e.g., Lozano v. City of Hazleton, 241 F.R.D. 252, 258 (2007) (defendant's late supplement to expert reports involving signatures and information about experts' qualifications did not prejudice plaintiffs); Victory Outreach Ctr. v. City of Philadelphia, 233 F.R.D. 419, 420 (2005) (plaintiff's subpoena sent one year after close of discovery not quashed where plaintiff timely requested information and defendant failed to supplement initial "unknown" answer when information later became known). Courts have denied motions to compel additional or supplemental discovery where the express or deemed purpose of such discovery is to search for new misconduct, or for evidence not material to the underlying complaint. See, e.g., Queer v. Westmoreland County, 2007 WL 2407283, at *3 (W.D. Pa. Aug. 20, 2007) (where discovery is closed and summary judgment motions pending, motion for additional discovery denied because moving party sought communications "at least in part to explore whether a 'new' violation has occurred"), aff'd, 296 Fed. Appx. 290 (3d Cir.

---

[5] In 1970, prior Rule 26(e) was transferred to Rule 32. See Fed. R. Civ. Proc. 26 (notes to 1970 amend.). While later amendments to Rule 26(e) expanded the categories of disclosures to which the duty to supplement applies (see notes to 1993 amend.) and clarified language as to the timing of supplemental disclosures (see notes to 2007 amend.), these later amendments did not alter the rule's triggering language which provides that the duty to supplement arises where a party discovers that prior discovery is "incomplete or incorrect."

6

2008); Havenfield, 509 F.2d at 1263, 1272 ("It is . . . new facts that [Rule 26(e)] seeks to bring out in the open, not new contentions which may be based upon allegedly new facts."); Hnot v. Willis Group Holdings Ltd., 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006) ("[A] complete and accurate set of computer data for the period ending December 31, 2001, is not rendered incomplete or incorrect for purposes of Rule 26(e) simply by virtue of the fact that defendants also possess data pertaining to the entirely different time period beginning January 1, 2002.").

Here, the City Defendants have provided supplemental discovery through late June 2010, approximately three months beyond the discovery deadline, and there is no support for Plaintiffs' contention that an allegation of ongoing misconduct necessarily renders the responding party's prior discovery erroneous or incomplete. To conclude otherwise would be to invite rolling discovery in a way that would unfairly burden one party in a suit and indefinitely postpone trial.[6]

Accordingly, I will deny Plaintiffs' informal motion to compel additional supplemental discovery. However, nothing in this memorandum excuses the City Defendants, or any other party, from the duty to supplement existing discovery responses

---

[6]Plaintiffs argue that their request for additional supplementary discovery at this time is neither dilatory nor likely to delay trial. See Pl.s' 10/20/10 letter at 2. That may be so. However, in the absence of any evidence that the City Defendants' prior discovery is incomplete or erroneous as contemplated by Rule 26(e), it would be unfair to require the City Defendants to expend additional time and effort in supplementing prior discovery when they should be preparing for an imminent trial.

pursuant to Rule 26(e) in the event such discovery is found to be materially incorrect or incomplete. Thus, I distinguish between the ongoing production envisioned by Plaintiffs and the discrete duty to supplement contained in Rule 26(e).

III. **CONCLUSION**

Discovery in this matter ended on March 25, 2010 – nearly seven months ago – and the matter is now very close to trial. Judge Gardner has conducted oral argument on pending summary judgment motions, the record for which is closed, and trial is scheduled to begin in approximately one month. Moreover, Plaintiffs concede that the City Defendants have supplemented their discovery "several times" through June 2010, approximately three months beyond the discovery deadline. Although Plaintiffs allege that Defendants' wrongdoing is ongoing, they have failed to show that the City Defendants' prior discovery is either erroneous or incomplete for purposes of Rule 26(e). For these reasons, I will deny Plaintiffs' informal letter motion to compel supplemental discovery. An appropriate Order follows.